**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | **Case No. 2:11cv135** |
| **v.** | |
| **PAUL B. ZACCARDI, et al.,** | **Chief District Judge Ted Stewart** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is the United States of America's ("Government") motion to compel.[2]  The court has carefully reviewed the motion and memorandum submitted by the Government.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

The Government served discovery requests on Paul B. Zaccardi ("Defendant") on August 16, 2011, pursuant to rules 33 and 34 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 33 and 34.  Responses to these requests were due on or before September 19, 2011.  On

---

[1] *See* docket no. 34.

[2] *See* docket no. 33.

September 22, 2011, the Government emailed Defendant to inform him that no response had

been received and that his responses were overdue.  Also on September 22, 2011, Defendant

filed a document entitled "Notice of Default and Conditional Acceptance Upon Proof of Claim

and Motion to Dismiss [with] Prejudice with Request for Finding of Fact and Conclusions of

Law."[3]  In this pleading, Defendant stated that he "conditionally accepts [counsel's] offer to

produce discovery in this case upon proof of claim that [the Government] has a verifiable claim

signed and sworn to under penalty of perjury."[4]  Defendant, however, failed to respond to the

Government's discovery requests.

On October 7, 2011, the Government filed the instant motion to compel.[5]  Defendant has

not opposed the Government's motion, and the time for doing so has passed.  *See* DUCivR 7-

1(b)(4)(B) ("A memorandum opposing any motion that is not a motion filed pursuant to Fed. R.

Civ. P. 12(b), 12(c), and 56 must be filed within fourteen (14) days after service of the motion.").

While the court recognizes that Defendant is proceeding pro se, this "status does not relieve him

of the obligation to comply with procedural rules."  *Murray v. City of Tahlequah*, 312 F.3d 1196,

1199 n. 3 (10th Cir. 2002).  Accordingly, for the reasons set forth in the Government's motion,

and for good cause appearing, the court **GRANTS** said motion to compel.  *See* DUCivR 7-1(d)

("Failure to respond timely to a motion may result in the court's granting the motion without

further notice.").  Defendant is ordered to respond in full to the Government's requests for

---

[3] Docket no. 31 at 1.

[4] *Id.* at 2.

[5] *See* docket no. 33.

production of documents and interrogatories on or before January 18, 2012. Failure to respond by that date may result in sanctions against Defendant pursuant to rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(5)(A).

     **IT IS SO ORDERED.**

     DATED this 28th day of December, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

3