IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL B. ZACCARDI, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTIONS TO STRIKE<br><br><br>Case No. 2:11-CV-135 TS |

   This matter is before the Court on various motions and other documents filed by Defendant Paul B. Zaccardi, as well as two Motions to Strike filed by the government. For the reasons discussed below, the Court will deny Defendant's Motions to Dismiss and for Summary Judgment, grant Plaintiff's Motions to Strike, and strike the various documents filed by Defendant.

1

I.  BACKGROUND

The government filed this action "pursuant to 26 U.S.C. §§ 7401, 7402, and 7403 at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service ('IRS'), a delegate of the Secretary of the Treasury."[1] This action is "brought by the United States to reduce to judgment certain federal tax assessments against defendant-taxpayer Paul B. Zaccardi.  This action also seeks to set aside fraudulent conveyances and foreclose upon a federal tax lien on taxpayer's interest in his personal residence held in nominee name."[2]

Defendant filed an Answer to the Complaint on April 12, 2011.  Defendant now moves to dismiss Plaintiff's Complaint and also seeks summary judgment.  In addition, Defendant has filed various documents, which Plaintiff seeks to strike.

II.  DISCUSSION

A.  MOTION TO DISMISS

Defendant brings his Motion pursuant to Fed.R.Civ.P. 12(b)(6).  Such a motion "must be made before pleading if a responsive pleading is allowed."[3]  As stated, Defendant filed an Answer on April 12, 2011, and that Answer does not appear to assert that Plaintiff's Complaint fails to state a claim.  However, as Plaintiff is proceeding pro se, the Court will construe his

---

[1] Docket No. 2, ¶ 2.

[2] *Id.* ¶ 1.

[3] Fed.R.Civ.P. 12(b).

2

Motion as one being brought under Rule 12(c).[4]  Under Rule 12(c), the Court applies the same standard as a motion under Rule 12(b)(6).[5]

Defendant's Motion to Dismiss argues a number of rather confusing points.  Defendant first appears to argue that dismissal is appropriate because the IRS has failed to comply with the provisions of the Fair Debt Collection Practices Act ("FDCPA").  This argument fails because "federal taxes are not a debt, and the IRS is not a debt collector."[6]  Therefore, the FDCPA does not apply to this action.

Defendant next argues that dismissal is appropriate because the Complaint does not comply with special rules for pleading maritime claims.  The argument that admiralty law applies to this action is one that has been frequently rejected by numerous courts.[7]  For substantially the same reasons stated by these courts, the Court finds that Defendant's argument on this point provides no grounds for dismissal.

Defendant also argues that dismissal is appropriate because the government has failed to respond to the affirmative defenses listed in his Answer.  Apparently, Defendant believes that Plaintiff should have filed a reply to his Answer.  However, a reply to an answer is only allowed

---

[4]*See* Fed.R.Civ.P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c).").

[5]*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[6]*Bandy v. United States*, 2008 WL 1867991, at *8 (D. Kan. Apr. 24, 2008).

[7]*See United States v. Korman*, 2008 WL 2512473, at *4 (S.D. Fla. Apr. 21, 2008) (citing cases).

if the Court orders one.[8]  The Court has not ordered Plaintiff to reply to Defendant's Answer, thus Plaintiff was under no obligation to file a reply and indeed could not file a reply without an order from the Court.  Therefore, dismissal is not appropriate on this ground.

Having found that none of the reasons set forth by Defendant warrants dismissal of this action, the Court will deny Defendant's Motion to Dismiss.

B.   MOTION FOR SUMMARY JUDGMENT

Defendant has filed a "Petition in the Nature of a Motion for Summary Judgment." Defendant provides no basis for his summary judgment motion, only referencing his previously filed Motion to Dismiss.  As set forth above, Defendant's Motion to Dismiss will be denied. Therefore, summary judgment is inappropriate.  Further, Fed.R.Civ.P. 56(c) requires a party moving for summary judgment to support that motion.  Defendant has failed to provide anything to the Court to indicate that summary judgment should be entered in his favor.  Therefore, Defendant's Petition in the Nature of a Motion for Summary Judgment will be denied.

C.   MOTIONS TO STRIKE

Defendant has filed two documents entitled "Commercial Notice Appointment of Fiduciary/Trustee."  In these documents, Defendant attempts to appoint the undersigned, as well as the United States Attorney for the District of Utah, as a "public servant fiduciary/trustee." Defendant Plaintiff seeks to strike both documents.

Courts have described documents like the "Commercial Notice Appointment of Fiduciary/Trustee" as "shopworn arguments characteristic of tax-protester rhetoric that has been

---

[8] Fed.R.Civ.P. 7(a)(7).

universally rejected by this and other courts."[9]  This characterization aptly applies to the documents filed by Defendant.  These documents are nonsensical and the Court will use its inherent authority to strike them from the record.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 31) is DENIED.  It is further

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 36) is DENIED.  It is further

ORDERED that Plaintiff's Motions to Strike (Docket Nos. 37 and 40) are GRANTED.  The Court orders that Docket Nos. 35 and 38 be STRICKEN.

DATED   January 4, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9]*Stearman v. Comm'r of Internal Revenue*, 436 F.3d 533, 537 (5th Cir. 2006).