IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>PAUL B. ZACCARDI; FRANCES ZIZZO ZACCARDI, aka FRANCES ZIZZO; SAVED BY GRACE CHRISTIAN FELLOWSHIP; UTAH STATE TAX COMMISSION; WASHINGTON FEDERAL SAVINGS,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:11-CV-00135-RJS |

      The United States moves for summary judgment against Defendants Paul Zaccardi and Frances Zizzo Zaccardi under Rule 56 of the Federal Rules of Civil Procedure, and in the alternative for entry of default judgment against Paul Zaccardi under Rule 37 of the Federal Rules of Civil Procedure. The United States has also moved for default judgment against Defendant Saved by Grace Christian Fellowship under Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 87). The court has fully reviewed the briefing in this matter and, for the reasons stated below, the court GRANTS the United States' motion for summary judgment.

      The United States asserts Mr. Zaccardi failed to file tax returns from 1996 to 2000. The United States also asserts that Mr. Zaccardi failed to accurately report his income from 2001 to

2005.  In 2000, the Internal Revenue Service ("IRS") issued statutory notices of deficiency and initiated a deficiency determination process to reconstruct Mr. Zaccardi's income.  Mr. Zaccardi did not cooperate in this process, either by supplying his own data to the IRS to contest their assessment or by pursuing the matter in tax court.  Instead, Mr. Zaccardi lodged with the IRS various letters largely containing tax protest theories.

Mr. Zaccardi also initiated transfer of title to his house located at 2905 East Durban Road, Sandy, Utah to Saved by Grace Christian Fellowship, an entity which the United States argues exists not as a church but rather as a legal nominee of Mr. Zaccardi for the purposes of insulating his property from judgment.  On May 11, 2001, Mr. Zaccardi transferred the house by quitclaim deed to his mother, Mrs. Lucie Egan.  On June 4, 2001, Mrs. Egan transferred the house by quitclaim deed to Frances Zizzo, then Mr. Zaccardi's fiancé.  On November 8, 2004, Mrs. Zaccardi deeded the house to Saved by Grace Christian Fellowship.  Uncontested evidence establishes that these transfers were all made without exchanges of money or other instruments of value.  On March 16, 2004, the IRS filed notices of federal tax liens against Mr. Zaccardi and Saved by Grace Christian Fellowship and refiled these notices at various times until November 4, 2008.

The court has carefully considered submissions filed by Mr. Zaccardi in opposition (Dkt. Nos. 89 and 90) and finds that he fails to present any material facts or legal arguments sufficient to defeat the United States' motion. Mr. Zaccardi instead argues several unavailing points of law. He claims that he has the authority to relieve judges, magistrates, and the United States' attorneys of their duties; that this court lacks jurisdiction; and that the United States has failed to produce a real party in interest.  These arguments are legally incorrect and repetitious of earlier filings that

the court struck as frivolous. Mr. Zaccardi also argues that IRS Form 4340 is an insufficient means of notification of tax assessment. This argument is legally inaccurate. Form 4340 is commonly accepted by courts as a proper means of notification. *See Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992). Mr. Zaccardi also submits that he has posted a negotiable instrument in payment of his debt. Mr. Zaccardi provides no evidence substantiating this purported bond payment.

The court has also carefully considered Mrs. Zaccardi's opposition (Dkt. No. 94) and finds a similar failure to raise material facts or legal arguments sufficient to preclude summary judgment for the United States. Mrs. Zaccardi makes a number of arguments that have no factual or legal support. She claims the transfers of house title described above were not fraudulent, and instead that the house became a martial asset; that the court should grant her a constructive trust based on her alleged mortgage payments and upkeep expenses of $137,000; and that she is not a nominee or alter ego of Mr. Zaccardi.

The court is not persuaded by Mrs. Zaccardi's first argument because she never held title to the property. Mr. Zaccardi's initial transfer in the chain of title to his mother, Mrs. Lucie Egan, was fraudulent based on undisputed evidence that Mrs. Egan gave nothing to Mr. Zaccardi for the transfer and that Mr. Zaccardi was insolvent at the time of the transfer. (Dkt. No. 87-4, Declaration of Lucie Egan at ¶4; Dkt. No. 100-1, Second Phillips Dec. at ¶7). This renders Mrs. Egan's subsequent transfer of the title to Mrs. Zaccardi void. *United States v. Bess*, 357 U.S. 51, 57 (1958). Moreover, Utah does not recognize a theory of community property which could provide an alternative basis for Mrs. Zaccardi's ownership claims. *Preston v. Preston*, 646 P.2d 705, 706 (Utah 1982). Mrs. Zaccardi's second argument is similarly unpersuasive because the


the court struck as frivolous. Mr. Zaccardi also argues that IRS Form 4340 is an insufficient means of notification of tax assessment. This argument is legally inaccurate. Form 4340 is commonly accepted by courts as a proper means of notification. *See Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992). Mr. Zaccardi also submits that he has posted a negotiable instrument in payment of his debt. Mr. Zaccardi provides no evidence substantiating this purported bond payment.

The court has also carefully considered Mrs. Zaccardi's opposition (Dkt. No. 94) and finds a similar failure to raise material facts or legal arguments sufficient to preclude summary judgment for the United States. Mrs. Zaccardi makes a number of arguments that have no factual or legal support. She claims the transfers of house title described above were not fraudulent, and instead that the house became a martial asset; that the court should grant her a constructive trust based on her alleged mortgage payments and upkeep expenses of $137,000; and that she is not a nominee or alter ego of Mr. Zaccardi.

The court is not persuaded by Mrs. Zaccardi's first argument because she never held title to the property. Mr. Zaccardi's initial transfer in the chain of title to his mother, Mrs. Lucie Egan, was fraudulent based on undisputed evidence that Mrs. Egan gave nothing to Mr. Zaccardi for the transfer and that Mr. Zaccardi was insolvent at the time of the transfer. (Dkt. No. 87-4, Declaration of Lucie Egan at ¶4; Dkt. No. 100-1, Second Phillips Dec. at ¶7). This renders Mrs. Egan's subsequent transfer of the title to Mrs. Zaccardi void. *United States v. Bess*, 357 U.S. 51, 57 (1958). Moreover, Utah does not recognize a theory of community property which could provide an alternative basis for Mrs. Zaccardi's ownership claims. *Preston v. Preston*, 646 P.2d 705, 706 (Utah 1982). Mrs. Zaccardi's second argument is similarly unpersuasive because the

United States establishes that her summary unsigned documentation concerning the alleged mortgage and upkeep payments, even if admissible, does not "establish the . . . presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B). Federal tax liens, once attached, make state law inoperative to transform the title of the property or detach the federal tax liens. *Drye v. United States*, 528 U.S. 49, 55 (1999). Additionally, Utah does not recognize upkeep expenses as a basis for finding an interest in the property absent a joint tenancy. *Jesperson v. Jesperson,* 610 P.2d 326, 328 (Utah 1980). Finally, Mrs. Zaccardi's last argument is extraneous.  The United States does not argue that Mrs. Zaccardi is an alter ego of Mr. Zaccardi, and such a finding is neither in dispute nor necessary for the court to grant summary judgment for the United States.

## ORDER

For the reasons stated above, and for the reasons stated in the United States' Motion for Summary Judgment (Dkt. No. 87), it is hereby:

ORDERED that judgment is entered in favor of the United States and against Paul B. Zaccardi for the unpaid balance of federal income taxes for the years 1996 through 2005 in the amount of $2,829,697.94 as of June 30, 2012, plus further accrued penalties and interest accruing after June 30, 2012 pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)(1), until the judgment is paid;

ORDERED that the United States' tax liens against Paul B. Zaccardi for tax years 1996 to 2005, which attached to the parcel of real property located at 2905 East Durban Road, Sandy, Utah and that is legally described as follows:

> Lot 542, Willow Creek Canyon, Phase V, According to the official plat thereof, as recorded in the office of the County Recorder of said county.

(the Property) are hereby foreclosed;

ORDERED that default judgment be entered against Saved by Grace Christian Fellowship and that Saved by Grace be adjudged a nominee of Paul B. Zaccardi;

ORDERED that Paul Zaccardi, Frances Zizzo Zaccardi, and Saved by Grace Christian Fellowship have no interest in the Property;

ORDERED that the United States motion in the alternative for default judgment against Paul Zaccardi be dismissed without prejudice as moot;

ORDERED that remaining motions on the docket (Dkt. Nos. 61; 70; 95; 106; 107; 112; 120) be dismissed as moot; and

ORDERED that the trial set to begin on November 19, 2012 is vacated.

SO ORDERED this 16th day of November, 2012.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge